# UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, United States Department of Labor,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>TAEUS CORPORATION; ARTHUR NUTTER, an individual; and TAEUS CORPORATION 401(K) PROFIT SHARING PLAN,<br><br>　　　　　　　Defendants. | Civil Action<br><br>No. 1:22-cv-2634 |

## **COMPLAINT**

Plaintiff, Martin J. Walsh, Secretary of Labor, United States Department of Labor, brings this action against Defendants, TAEUS Corporation, Arthur Nutter, and TAEUS Corporation 401(k) Profit Sharing Plan, pursuant to Sections 502(a)(2) and 502(a)(5), 29 U.S.C. §§ 1132(a)(2) and 1132(a)(5), of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 *et seq.* ("ERISA"), for appropriate equitable and remedial relief under ERISA Sections 409 and 502(a)(5), 29 U.S.C. §§ 1109 and 1132(a)(5), to enjoin violations of the provisions of Title I of ERISA, and to obtain other appropriate relief to redress violations and to enforce the provisions of Title I of ERISA.

## I. JURISDICTION

Jurisdiction of this action is conferred upon the Court by ERISA Section 502(e)(1), 29 U.S.C. § 1132(e)(1).

## II. VENUE

Venue of this action lies in the United States District Court for the District of Colorado, pursuant to ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2).

## III. THE PLAN

TAEUS Corporation 401(k) Profit Sharing Plan ("Plan") is, and at all times hereafter mentioned was, an employee pension benefit plan within the meaning of ERISA Section 3(2), 29 U.S.C. § 1002(2).  The Plan was established by, and at all times hereinafter mentioned was maintained by, an employer engaged in commerce or in an industry or activity affecting commerce and is subject to Title I, including Title I, Part 4 of ERISA pursuant to ERISA Sections 4(a)(1) and 401(a), 29 U.S.C. §§ 1003(a)(1) and 1101(a).  During all times hereinafter mentioned, the Plan has been administered in Colorado Springs, Colorado, within the jurisdiction of this Court.

## IV. THE DEFENDANTS

A.      TAEUS Corporation ("TAEUS") is, and at all times hereinafter mentioned was, a Delaware corporation doing business within the jurisdiction of this Court with a principal place of business at 4308 Ridgeline Drive, Colorado Springs, Colorado. At all times hereinafter mentioned, TAEUS provided patent licensing services to individuals seeking compensation from businesses who may be interested in purchasing a patent license. At all times hereinafter mentioned, TAEUS has been an employer and Plan sponsor with respect to the Plan within the meaning of ERISA Sections 3(5) and 3(16)(B), 29 U.S.C. §§ 1002(5) and 1002(16)(B).  At all times hereinafter mentioned, TAEUS has also been the named Plan administrator with the authority and control to manage the operation and administration of the Plan.  Thus, at all times hereinafter mentioned, TAEUS has been a fiduciary and a party in interest with respect to the Plan within the meaning of ERISA Sections 3(14) and 3(21)(A), 29 U.S.C. §§ 1002(14) and 1002(21)(A).

B.      At all relevant times, Defendant Arthur M. Nutter was President and owner of

TAEUS, and the Trustee for the Plan. At all relevant times, Arthur M. Nutter acted on TAEUS's behalf with respect to the Plan in TAEUS's capacity as named Plan administrator and assumed such operational and administrative responsibilities such as making decisions concerning the withdrawal of Plan assets. As the owner of TAEUS and Trustee, Arthur M. Nutter also had and exercised discretionary authority, control, and responsibility over Plan management and administration and had actual control over the Plan assets retained in the Plan account.  Thus, both as Trustee and functional Plan administrator, at all relevant times, Arthur M. Nutter was a fiduciary and a party in interest with respect to the Plan within the meaning of ERISA Sections 3(14) and 3(21)(A), 29 U.S.C. §§ 1002(14) and 1002(21)(A). During all relevant times, Arthur M. Nutter conducted his job duties concerning the administration and management of the Plan in Colorado Springs, Colorado, within the jurisdiction of this Court. At all relevant times, Arthur M. Nutter was a participant in the Plan.

C.      The Plan, as described in Paragraph III, above, is joined as a party defendant pursuant to Rule 19(a) of the Federal Rules of Civil Procedure solely to assure that complete relief can be granted.

V. ERISA VIOLATIONS

A.      Arthur M. Nutter failed to ensure when he received a requested hardship withdrawal on August 11, 2016, that there were sufficient funds in his Plan participant account to cover the amount of the hardship withdrawal. As a result, a portion of the funds transferred to Defendant Arthur M. Nutter was withdrawn from the Plan assets belonging to two other participants in the Plan. When Defendant Arthur M. Nutter was notified by the third-party administrator that he had received funds belonging to the two other participants, he did not repay the funds as requested and during the period since receiving the funds on August 11, 2016,

Defendants Arthur M. Nutter and TAEUS have continued to not repay the funds.

      B.     As a result of their positions and actions, Defendants Arthur M. Nutter and TAEUS were fiduciaries with respect to the Plan and violated the provisions of ERISA in that they respectively:

      (1)     Failed to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries in violation of Section 404(a)(1)(A) of ERISA, 29 U.S.C. § 1104(a)(1)(A);

      (2)     Caused the Plan to engage in transactions which they knew or should have known constitute a direct or indirect transfer to, or use by or for the benefit of, a party in interest, assets of such plan in violation of Section 406(a)(1)(D) of ERISA, 29 U.S.C. § 1106(a)(1)(D); and

      (3)     Dealt with the assets of the Plan in their own interests or for their own accounts in violation of Section 406(b)(1) of ERISA, 29 U.S.C. § 1106(b)(1).

      C.     The violations occurred in, but were not limited to, the following Plan transactions:  failing to ensure there were sufficient funds in Arthur M. Nutter's participant account to cover the hardship withdrawal; permitting Arthur M. Nutter, a party in interest, to use Plan assets for his own benefit and for the benefit of the Employer and other non-Plan purposes; and failing to repay the Plan assets belonging to two other participants.

      D.     The fiduciaries' violations resulted in approximately:

      (1)     $38,377.32 in Plan Assets belonging to two other Plan participants to be transferred to himself; and

      (2)     Lost opportunity costs to the two other Plan participants that as of

April 14, 2022, have accrued using the underpayment rate specified in Internal Revenue Code Section 6621(a) to $9,746.86.

## VI. <u>DIRECT LIABLITY</u>

As a result of engaging in breaches of its fiduciary responsibilities, obligations, or duties and by engaging in transactions prohibited by ERISA, as described in Paragraph V of this Complaint, Defendants, Arthur M. Nutter and TAEUS, have caused the Plan to suffer financial losses for which they are jointly and severally liable pursuant to ERISA Section 409(a), 29 U.S.C. § 1109(a).

## VII. <u>COFIDUCIARY LIABILITY</u>

Pursuant to the provisions of ERISA Section 405, 29 U.S.C. § 1105, Defendants, Arthur M. Nutter and TAEUS, fiduciaries with respect to the Plan, are personally liable for the breaches of fiduciary responsibility set forth in Paragraph V, above, committed by their co-fiduciaries with respect to the Plan.

## VIII. <u>PRAYER</u>

WHEREFORE, cause having been shown, Plaintiff, the Secretary of Labor, prays that this Court:

1.      Order Defendants Arthur M. Nutter and TAEUS to restore all funds owed to the Plan, including lost opportunity costs, resulting from their breaches of fiduciary obligations and to correct all prohibited transactions in which they engaged or for which they are liable.

2.      Award plaintiff costs of this action; and

//

//

//

3.      Provide such other remedial relief as may be appropriate.

Respectfully submitted this 7th day of October, 2022,

SEEMA NANDA
Solicitor of Labor

JOHN RAINWATER
Regional Solicitor

LYDIA TZAGOLOFF
Associate Regional Solicitor

SHERYL VIEYRA
Counsel for ERISA

s/ Isabella M. Finneman
ISABELLA M. FINNEMAN
Senior Trial Attorney

Office of the Solicitor
1244 Speer Boulevard, Suite 515
Denver, CO  80204
Main phone: (303) 844-1745
Direct phone: (303) 844-1767
Fax: (303) 844-1753
Email: finneman.isabella@dol.gov
Attorneys for Plaintiff
MARTIN J. WALSH,
Secretary of Labor,
U.S. Department of Labor
